No. 1525.—POWERS & Co. *v.* SIXTY TONS OF MARBLE.

Where a carrier of freight for hire stores the property or goods in a warehouse at the port of destination, the charges of the warehouse keeper for storage forms a privilege on the goods superior in rank to that of the carrier for the freight.

APPEAL from the Fifth District Court of New Orleans. *Leaumont,* J. *McCay & Luzenburg,* for plaintiffs and appellees. *Gurley & Flower,* for appellant. *E. Hunt,* curator *ad hoc.*

WYLY, J. This is a proceeding *in rem* to recover the amount of storage due the plaintiffs, keepers of a warehouse, on sixty tons of marble, and to enforce their privilege thereon.

The marble was shipped from Boston in December, 1860, by unknown parties, and consigned to Cavanaugh and Cully, at this place, who refused to pay the freight and accept the consignment. Thereupon the same was hauled by the plaintiffs to their warehouse and stored at the request of the captains or consignees of the vessels which transported it.

The owners appear to have abandoned the property, never having offered to pay the freight and storage and to take possession of the same.

On ninth February, 1867, plaintiffs sued to recover the amount due them and to enforce their privilege and pledge on the marble which still remained stored in their warehouse, the court appointing a curator *ad hoc* to represent the absent owners.

George W. Hynson & Co. as ship agents and consignees intervened and claimed the amount due for freight, primage and average on said marble, with a privilege, as they allege, superior to that of plaintiffs.

On the trial the court rendered judgment in favor of plaintiffs for the amount claimed by them, to be paid by privilege and preference out of the proceeds of the sale of the marble, and in favor of the intervenors for the amount claimed by them without privilege.

The intervenors have appealed.

The claims of these creditors are fully established. The owners of the marble owe the full amount of freight due the intervenors, and they also owe the full amount claimed by plaintiffs for storage.

The only question to determine is, which one of these creditors has the superior privilege on the marble or its proceeds ?

The intervenors contend that under article 3213 Civil Code they have a privilege on the goods for the freight, the same not having been delivered to the consignees, nor passed into third hands. That having stored it, the marble, in effect, remained in their hands.

They contend the court erred in allowing the plaintiffs a privilege; that a privilege for storage is no where allowed by our laws.

Plaintiffs' claim is for the preservation of the thing. Under articles 3191, 3192 and 3193 of the Civil Code a party is entitled to recover the expenses incurred for the preservation of the property which he has in his possession, " whether in deposit, loan or otherwise ;" and he has a right of pledge by which he may, until reimbursed, retain the property.

The evidence in this case establishes that the charges of plaintiffs. are reasonable for taking care of and preserving the property which had been placed in their hands for storage.

In Hyams *v.* Smith, 6 A. 362, it was held by this court that the necessary expenses for boarding and attendance upon slaves seized in a suit and held pending the litigation, constitute a privilege claim on the slaves.

In Andrews *v.* Crandell, sheriff et al., 16 A. 208, the bill of a livery stable keeper was held to be a privilege claim on the proceeds of the sale of horses by the sheriff.

The privilege in these cases is based upon the principle that the charges were necessary expenses for the preservation of the thing.

In our opinion the court did not err in giving plaintiffs preference to be paid out of the proceeds of the thing preserved by them. The intervenors had the first privilege on the marble for the freight had they seen fit to keep it in their own custody till they were paid. But after permitting it to remain in storage with the plaintiffs for so many years where they placed it, they cannot complain if their privilege must yield to the superior rights of those who have preserved the thing for so long a period.

We think the court erred in not recognizing the privilege of the intervenors on the property in contest, but that their privilege is inferior to that of plaintiffs. C. C. 3229.

It is therefore ordered that the judgment appealed from be amended by allowing the intervenors a privilege next in rank to the plaintiffs to be paid out of the proceeds of the sale of the marble, and as thus amended that the judgment be affirmed.

It is ordered that plaintiffs pay costs of this appeal.