LOTTINGER, Judge
(concurring).
The question presented in this case is whose lien shall prime and be preferred. There is no question but that Fannaly, in my mind has a lien and privilege under C.C. Articles 3217, 3224, 3225 and 3226. Prior to the 1938 session of the Legislature, the plaintiff in my opinion would have had a good lien and privilege for *319 his carrier’s charges and expenses under Civil Code Article 3217, paragraph 9. Turning next to the section in the Code which deals with the preferences of liens, I find that under C.C. Article 3262, which provides as follows: Expenses of Depositary — Preference. “The privilege of him who has taken care of the property of another, has a preference over that property, for the necessary expenses which he incurred, above all the other claims for expenses, even funeral charges; his privilege yields only to that for the charges on the sale' of the thing preserved.” Therefore, according to this article just quoted, the depositary has a superior lien over all others for his expenses and charges and that his lien only yields to the charges on a sale of the thing preserved.
I next find C.C. Article 3265, in the same section of the Code which provides as follows: “Carriers — Rank of privilege. —The privilege of carriers, for the cost of transportation and incidental expenses, yields only to the charges which would arise on the sale of the goods. The case is the same respecting the freight of goods carried on board a ship or other vessels,” There you can see that. the Code has provided for the rank and privilege of the carrier in the same class as that of the depositary and both liens and privileges are only outranked by the charges which would arise on the sale of the merchandise or goods. Therefore, you can see that when the liens of the depositary and carrier conflict or clash there is a great question of law and interpretation involved as to the rank of the respective liens. Nevertheless, the Supreme Court, in the case of Powers & Co. v. Sixty Tons of Marble, 21 La.Ann. 402, stated that where carrier stores goods in warehouse at the port of destination, warehouseman’s privilege for storage is superior to that of carrier for freight and this case is quoted under article 3262.
Therefore, prior to the 1938 act, it appears that the Supreme Court gave preference to the depositary over the carrier as long as the merchandise remained in his possession.
Nevertheless, here comes the Legislature in 1938 which enacts the Act No. 284 of 1938, which in my opinion has lessened the effectiveness or the strength of the liens of certain types of carriers for their charges and those carriers are those engaged in the business and occupations of draying, hauling' or trucking. The classification under which, in my opinion, falls the trucking company herein. It appears to me that the trucker or carrier in this instance had a much stronger lien and privilege for its charges prior to the 1938 act and that the 1938 act has weakened the strength of that type of , carrier’s lien and in my opinion has placed it below that of a depositary as provided by Article 3262.
Therefore for the above and foregoing reasons, I concur in the conclusion and judgment rendered, but think that same should be predicated upon the above quoted articles and citation.